**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER D. DAVIES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1301-CR-18 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1112-FB-00216

**September 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Christopher Davies appeals the sentence he received for his conviction of theft, a Class D felony. Ind. Code § 35-43-4-2 (2009). We affirm.

In December 2011, Davies was charged with armed robbery and being a habitual offender. Later, the State added a charge of theft. Davies pleaded guilty to the charge of theft in December 2012 and was sentenced to three years executed. It is from this sentence that Davies now appeals.

Davies raises two issues, which we restate as: (1) whether the trial court abused its discretion in sentencing him, and (2) whether his sentence is inappropriate.

Davies first contends that the trial court abused its discretion by sentencing him to three years in the Department of Correction. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id. One way in which a court may abuse its discretion is by entering a sentencing statement that omits mitigating factors that are clearly supported by the record and advanced for consideration. Id. at 490-91.

Davies asserts that the trial court did not properly consider his plea of guilty as a mitigating factor. In addition, Davies claims that the court did not properly consider his cocaine addiction, knee injuries, and ill child in determining his sentence.

2

The finding of mitigating circumstances is not mandatory but is instead within the discretion of the trial court. Page v. State, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), trans. denied. Further, the court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proffered mitigating factor as does the defendant. Id. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is both significant and clearly supported by the record. Id.

A guilty plea is not automatically a significant mitigating factor. Brown v. State, 907 N.E.2d 591, 594 (Ind. Ct. App. 2009). For example, a guilty plea may not be a significant mitigator when a defendant has already received a substantial benefit from the plea agreement or when the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. Id.

Here, the trial court did not abuse its discretion when it did not recognize Davies' guilty plea as a significant mitigator. In exchange for Davies' plea to a single Class D felony, the State dismissed a pending Class B felony that would have exposed him to a much greater term of imprisonment. Thus, Davies received a substantial benefit from his plea bargain, and the trial court was not obliged to find his plea a significant mitigating factor.

Davies also argues that the trial court did not properly consider his cocaine addiction when it sentenced him. A review of the sentencing transcript reveals that the trial court considered Davies' substance abuse but did not find it to be a significant

3

mitigator. The court stated, "He's been in situations where he voluntarily could have sought treatment. I also note . . . he was placed in treatment programs through different courts and didn't complete them." Tr. p. 14. Indeed, the presentence investigation report indicates that Davies admitted to abusing alcohol and to regularly using marijuana and cocaine up until the time he was jailed and that, on at least two prior occasions, he had been ordered to complete an intensive outpatient program. In both instances, he was "released unsatisfactorily." Appellant's App., Vol. II, p. 27. Thus, Davies could have previously obtained help for his substance abuse issues and re-directed his life path; however, he chose not to do so and instead continued his pattern of substance abuse and criminal behavior. See Caraway v. State, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011) (where defendant is aware of chemical dependency and chooses not to seek help, failure to do so can be considered aggravating factor), trans. denied. The trial court did not abuse its discretion in not considering Davies' substance abuse a mitigating factor.

Next, Davies maintains that the trial court did not properly consider his knee injuries in sentencing him. Both the sentencing transcript and the presentence investigation report briefly state that Davies has knee problems due to high school athletics. Davies' brief mentions his knee problems in a single phrase and contains no argument or citation to legal authority to support his contention that this injury should serve as a mitigating circumstance. There is no information about the injury, no explanation as to how it currently affects him, no showing that the injury would be impacted by incarceration, and no evidence that his condition would be untreatable

4

during incarceration. Thus, Davies has failed to meet his burden of showing that this factor is significantly mitigating and clearly supported by the record. See Henderson v. State, 848 N.E.2d 341, 344-45 (Ind. Ct. App. 2006) (finding no error in trial court's refusal to consider defendant's poor health as mitigator because she failed to present evidence that her multiple health conditions would be untreatable during incarceration).

Finally, Davies alleges the trial court failed to properly consider his family situation, specifically his ill child, as a mitigating circumstance. A trial court is not required to find that a defendant's incarceration would result in undue hardship to his dependents. Benefield v. State, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), trans. denied. "Many persons convicted of crimes have dependents and, absent special circumstances showing that the hardship to them is 'undue,' a trial court does not abuse its discretion by not finding this to be a mitigating factor." Id.

Here, the presentence investigation report states that the child has a brain tumor; however, it is not clear whether the child is Davies' biological child or one of his wife's four children. Either way, Davies failed to show that he supports the child in any manner and in what way his incarceration will affect the child. Indeed, the presentence investigation report shows that Davies is unemployed and last worked two years ago in construction; however, he stated he has earned some money helping to move furniture. Because Davies has failed to show that an undue hardship will be placed upon this child because of his incarceration, the trial court did not abuse its discretion by declining to find it as a mitigating circumstance. See Anglin v. State, 787 N.E.2d 1012, 1018 (Ind. Ct.

5

App. 2003) (finding no abuse of discretion where, although evidence established defendant's daughter was ill and he was concerned and wished to spend time with her, nothing indicated her degree of reliance upon him), trans. denied.

Davies also asserts that his three-year sentence is inappropriate. Particularly, he argues that being required to serve his entire three-year sentence in the Department of Correction amounts to an inappropriate sentence. He claims that he should receive three years suspended to six months executed with the remainder to be served on supervised probation requiring a drug and alcohol program.

We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). A defendant bears the burden of persuading the appellate court that his or her sentence has met the inappropriateness standard of review. Anglemyer, 868 N.E.2d at 494.

To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here the offense is a Class D felony, for which the advisory sentence is one and one-half years, with a minimum sentence of six months

and a maximum sentence of three years. Ind. Code § 35-50-2-7 (2005). Davies was sentenced to three years executed in the DOC.

Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, Davies lured a taxi to his location and held a knife to the driver's throat in order to rob him.

With regard to the character of the offender, we note, as did the trial court, that Davies has an extensive criminal record. At just twenty-eight years of age he has accumulated seven misdemeanor convictions and at least four felony convictions. Additionally, Davies has violated his probation at least four times, and, as the court noted at sentencing, he has been released twice from substance abuse programs for non-compliance. The majority of his charges and convictions have been either drug-related or robbery/theft/stolen property-related. In addition to his Indiana convictions, he has an armed robbery conviction in Illinois for which he was sentenced to seven years; he was paroled and violated his parole. Further, he has had numerous charges in Illinois for which the disposition is unknown. Davies' counsel at the sentencing hearing and both parties in their briefs to this Court note that Davies was out of jail less than one week when he was arrested on the instant offense.

Davies has not carried his burden of persuading this Court that his sentence has met the inappropriateness standard of review. See Anglemyer, 868 N.E.2d at 494. Accordingly, we do not find his sentence to be inappropriate in light of the nature of the offense and his character.

7

For the reasons stated, we conclude the trial court did not abuse its discretion by not finding Davies' guilty plea, substance abuse, health issues, and ill child to be mitigating circumstances. Additionally, we conclude that Davies' sentence is not inappropriate given the nature of the offense and his character.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.